UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, **Plaintiff,** v. **BRYAN COHEN and GEORGE NIKAS** **Defendants,** | No. 19-cv-9645 (CM) |

## ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

**WHEREAS**, the Court has considered the Application for an Order to Show Cause, Temporary Restraining Order, Order Freezing Assets, and Granting Other Relief filed by plaintiff Securities and Exchange Commission (the "Commission"), as well as the Complaint, the Commission's Memorandum of Law in support of its Application and the Declaration of John Rymas dated October 18, 2019 (with attached exhibits), and

**WHEREAS**, on October 18, 2019, this Court granted the Commission's Application for an Order to Show Cause, Temporary Restraining Order, Order Freezing Assets, and Granting Other Relief (the "Temporary Restraining Order") (ECF No. 3), finding that the Commission made a proper showing, as required by Section 20(b) and 20(d)(1) of the Securities Act of 1933 ("Securities Act") and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") for the issuance of a temporary restraining order to freeze Nikas's assets held in the United States, as well as to prohibit Nikas from destroying, altering, or concealing records of any kind, and for the Commission to effect service by alternative means (e-mail) under Federal Rule of Civil Procedure 4(f); and

1

**WHEREAS**, the Commission subsequently served Nikas by alternative means (e-mail) with the Order to Show Cause, as well as the Summons, the Complaint, and all materials filed in support of the Order to Show Cause, in compliance with both this Court's Temporary Restraining Order and the requirements of Federal Rule of Civil Procedure 4(f); and

**WHEREAS**, Nikas has not appeared, and has not responded to the Commission's Application to Show Cause; and

**WHEREAS**, the Court finds that the Commission has made a proper *prima facie* showing that: (1) Nikas has engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood the Commission will prevail at trial; (3) unless restrained by this Order, Nikas may dissipate, conceal or transfer assets which could be subject to an order of disgorgement or to pay a civil monetary penalty in this action; and (4) entry of an order freezing assets is necessary to preserve the status quo; and

**WHEREAS**, this Court has jurisdiction over the subject matter of this action and over defendants Cohen and Nikas, and venue properly lies in this District; and

**WHEREAS**, the Court is authorized to grant the relief set forth in this Order pursuant to the Federal Rules of Civil Procedure, its general equitable authority and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)];

**I.**

**IT IS HEREBY ORDERED** that the Commission's Application for an Order Freezing Assets and Other Relief is **GRANTED**.

2

**II.**

**IT IS HEREBY FURTHER ORDERED** that, pending further order of this Court, the asset freeze imposed by paragraph IV of the Temporary Restraining Order shall continue in full force and effect, and all such funds and other assets shall remain frozen.

**III.**

**IT IS HEREBY FURTHER ORDERED** that Charles Schwab & Co. ("Schwab") and each of its financial and brokerage institutions and each of their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) and each of them, shall hold and retain all assets and funds of George Nikas presently held by them, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, including, but not limited to, the account held at Charles Schwab & Co. in the name of George Nikas with an account number ending in 8387 (the "Schwab Account").

**IV.**

**IT IS HEREBY FURTHER ORDERED** that all banks, brokerage firms, and other financial institutions (including but not limited to Charles Schwab) and other persons or entities that receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) holding any funds or other assets in the name of Nikas, or in the name of any person or entity for his benefit, subject to his control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest, in whatever form such funds or other assets may presently exist and wherever located, shall continue to hold and retain such funds or other assets within their control and shall prohibit the withdrawal, removal,

sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets (including, but not limited to, charges on a credit card or draws on another credit arrangement); and all such funds or other assets are hereby frozen.

### V.

**IT IS HEREBY FURTHER ORDERED** that the above Paragraphs III and IV shall immediately cease to apply to any asset located within the United States (including the Schwab Account, and/or any account held for the benefit of Nikas at any bank, brokerage firm, or other financial institution) which becomes subject to any later order entered by any federal court as a result of proceedings that may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent that such later order requires the transfer of any such asset to the United States government. In addition, no person or entity, including Nikas or any creditor or claimant against Nikas, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

### VI.

**IT IS HEREBY FURTHER ORDERED** that, pending further order of this Court, the order barring the destruction of documents imposed by paragraph V of the Temporary Restraining Order shall continue in full force and effect.

## VII.

**IT IS HEREBY FURTHER ORDERED** that copies of this Order may be served by any means, including electronic mail, upon any entity or person that may have possession, custody, or control of any documents or assets of defendant Nikas, that may be subject to any provision of this Order, and that representatives of the Commission are specially appointed by the Court to effect service.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that this Order shall be, and is, binding on defendant Nikas, and any of his agents or representatives and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

## IX.

**IT IS HEREBY FURTHER ORDERED** that this Order shall remain in effect until entry of a Final Judgment in, or other final disposition of, this action.

## X.

**IT IS HEREBY FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 22 day of November 2019 11:30 o'clock A.m.

_____
UNITED STATES DISTRICT JUDGE