UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

  -against-                                    19 civ. 9645 (CM)

BRYAN COHEN and GEORGE NIKAS,

          Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/2020

### DECISION AND ORDER DENYING THE SEC'S MOTION TO AMEND THE COMPLAINT IN THIS ACTION WITHOUT PREJUDICE

McMahon, C.J.:

      The complaint in this action charged Defendant Bryan Cohen, an employee of an entity known to the Court as "Investment Bank A," with providing a tippee with confidential information about two pending deals, involving the companies Syngenta and Buffalo Wild Wings; the intermediary ("Trader A") then allegedly passed this inside information on to Cohen's co-defendant, George Nikas, who turned a handsome profit. This activity took place between April 2015 and November 2017. I will refer to the instant case as Action #1.

      Plaintiff Securities and Exchange Commission (SEC) has recently moved to amend the complaint to add a second set of allegations against Nikas relating to tipping activity that took place between 2013-2015, involving tips Nikas allegedly received from Trader A, but not from Cohen. The alleged tippers were a couple, Benjamin Taylor and Darina Windsor, who worked, not for Investment Bank A, but for a different entity, known to the Court as "Investment Bank 1." The only connection between these two schemes is that Trader A tipped Nikas. The SEC recognizes that these are two entirely different schemes; only days after bringing the instant action, the Commission filed a separate lawsuit against Taylor, Windsor and an individual named EL-Khouri, *SEC v. Taylor, Windsor and El-Khouri*, 19 Civ. 9744 (LAP). That wholly unrelated case was assigned to my colleague, the Hon. Loretta A. Preska. I will refer to this case as Action #2.

      Nikas was not originally named as a defendant in Action #2. One would think that the SEC would seek to add him as a defendant in that case. But no: the SEC does not seek to name Nikas as a defendant in Action #2, which is the case about the Taylor-Windsor tipping scheme. Instead, it seeks to add allegations against Nikas relating to the Taylor-Windsor tipping scheme to this case – which has nothing whatever to do with that scheme. And then it proposes to have the two cases – which involved different tipping schemes at different institutions with different tippers, and

which took place at different times – deemed "related," solely because Nikas was an alleged beneficiary of the tips in both cases.

The SEC has clearly made its motion for leave to amend in the wrong case. For that reason, it is denied, albeit without prejudice, since the SEC obviously has the right to seek leave to amend the complaint in Action #2 in order to add additional defendants who were involved in the scheme alleged in that complaint.

The SEC is mistaken in thinking that the fact that Nikas was allegedly involved in these two entirely separate tipping schemes makes lawsuits involving those two schemes "related" under the Local Rules for the Division of Business Among Judges of the Court. Per Rule 13(b) of those rules, cases "shall not be deemed related merely because they involve common legal issues or the same parties." Instead, they can only be deemed "related" if trying them together would serve the interests of justice and efficiency – a matter determined applying the factors set out in Rule 13(a).

Reviewing those rules reveals that there would be no efficiency in adding the Taylor-Windsor allegations against Nikas to the matter pending before me.

(1) The Cohen/Investment Bank A tipping scheme alleged in Action #1 and the Taylor-Windsor Investment Bank 1 tipping scheme alleged in Action #2 involve entirely separate transactions and events.

(2) A reading of the proposed amended complaint reveals that there is no factual overlap between the two schemes, which took place at different times, involved confidential information belonging to two different investment banks, different alleged insiders, and different deals/inside information.

(3) Trying the two cases separately involves no possibility of conflicting orders from two different judges, since the claims are entirely separate – a fact recognized by the SEC when it filed two cases instead of one in the first place.

(4) Finally, were the cases deemed related it would add to the expense and delay, as well as place an undue burden on the defendants other than Nikas. Indeed, I would confidently expect to receive a severance motion from Cohen, who would have an excellent argument that he would suffer substantial prejudice by having the limited allegations against him tried along with the broader allegations and Taylor, Windsor and El-Khouri. Based on the allegations of the complaint, Cohen has no interest in the discovery in Action #2, and the defendants in that case have no interest in the discovery involved in Action #1.

In short, the only thing that "relates" the two cases is the participation of Nikas and the fact that insider trading is alleged in both cases – precisely the factors that the court's Assignment

Committee, which is charged with administering the Local Rules for the Division of Business Among Judges, "shall not" rely on in order to deem cases related under Rule 13(b).[1]

For that reason, the SEC must do what it should have done in the first place: moved before Judge Preska for leave to add Nikas as a party defendant in the case dealing with the Taylor-Windsor tipping scheme, which is pending before her.

The motion for leave to amend is denied without prejudice to its being renewed in the action entitled *SEC v. Taylor, Windsor and El-Khouri*, 19 Civ. 0744 (LAP). A copy of this decision and order is being sent to Judge Preska for her information.

The Clerk of Court is directed to remove the motion at Docket #28 from the court's list of open motions.

Dated: January 6, 2020

/s/ Colleen McMahon<br>
Chief Judge

BY ECF TO ALL COUNSEL
BY EMAIL TO THE HON. LORETTA A. PRESKA

---

[1] Indeed, as Chair of the Court's Assignment Committee, I can confidently assert that, had the SEC names Nikas as a defendant when it filed its separate case involving the Taylor-Windsor scheme, and sought to have Action #2 deemed related to Action #1, its request would have been turned down per Rule 13(b).